PHILLIP A. TALBERT
United States Attorney
ANTONIO J. PATACA
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>RALPH GONZALES,<br><br>　　　　　　　　　Defendant. | CASE NO.  1:19-CR-00236 JLT-SKO<br><br>STIPULATION TO VACATE STATUS CONFERENCE, SET CHANGE OF PLEA HEARING, AND EXCLUDE TIME UNDER SPEEDY TRIAL ACT;ORDER |

　　　　This case is set for a status conference on January 18, 2023.  On May 13, 2020, this Court issued General Order 618, which suspends all jury trials in the Eastern District of California "until further notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020, . . . with additional findings to support the exclusion in the Judge's discretion."  General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This, previous, and subsequent General Orders were entered to address public health concerns related to COVID-19.

　　　　Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive open-endedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner*

1  *v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no
2  exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at
3  509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a
4  judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally
5  or in writing").

6  Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory
7  and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-
8  justice continuances are excludable only if "the judge granted such continuance on the basis of his
9  findings that the ends of justice served by taking such action outweigh the best interest of the public and
10 the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable
11 unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that
12 the ends of justice served by the granting of such continuance outweigh the best interests of the public
13 and the defendant in a speedy trial." *Id.*

14 The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code
15 T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics,
16 natural disasters, or other emergencies, this Court has discretion to order a continuance in such
17 circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance
18 following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court
19 recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United*
20 *States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the
21 September 11, 2001, terrorist attacks and the resultant public emergency). The coronavirus is posing a
22 similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

23 In light of the societal context created by the foregoing, this Court should consider the following
24 case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-
25 justice exception, § 3161(h)(7) (Local Code T4).[1] If continued, this Court should designate a new date
26 for a change of plea. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

continuance must be "specifically limited in time").

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for status on January 18, 2023.

2. By this stipulation, the parties now move to vacate the status conference, set this the case for a change of plea hearing on January 23, 2023, and to exclude time between January 18, 2023, and January 23, 2023, under 18 U.S.C. § 3161(h)(7)(A), B(iv) [Local Code T4], and 18 U.S.C. § 3161(h)(1)(G) [Local Code 7].

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes approximately 1,000 pages of discovery involving several controlled buys. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying. Supplemental discovery consisting of transcripts and laboratory reports was also produced.

    b) The government does not object to the continuance.

    c) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    d) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of January 18, 2023 to January 23, 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  January 10, 2023                         PHILLIP A. TALBERT
                                                 United States Attorney

                                                 /s/ ANTONIO J. PATACA
                                                 ANTONIO J. PATACA
                                                 Assistant United States Attorney

Dated:  January 10, 2023                         /s/ JOHN GARLAND
                                                 JOHN GARLAND
                                                 Counsel for Defendant
                                                 Ralph Gonzales

**ORDER**

IT IS ORDERED that the status hearing set for January 18, 2023, at 1 pm is vacated, and a change of plea hearing is set for January 23, 2023, at 10:00 a.m.

IT IS FURTHER ORDERED THAT the period of time from January 18, 2023, through January 23, 2023, is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at defendants' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

DATED:  1/10/2023                                *Sheila K. Oberto*
                                                 THE HONORABLE SHEILA K. OBERTO
                                                 UNITED STATES MAGISTRATE JUDGE